F. William Cullins Montgomery County Attorney Judicial Center 300 E. Main Independence, Kansas 67301
Dear Mr. Cullins:
As Montgomery County Attorney, you request our opinion regarding whether K.S.A. 25-4330 precludes a person who has been recalled from the office of mayor from serving as a member of the city council when the mayor's present term of office has not yet expired.
According to the information provided, the electors of Cherryvale recently recalled from office the person who had been serving as mayor for the City of Cherryvale. It is our understanding that the term of office for mayor runs to April, 2003. The person who was recalled has now filed as a candidate for the office of council member for the City. The term of office for the city council position would begin in April, 2001.
The procedure for recalling a local elected public officer is set forth in K.S.A. 25-4318 to 25-4331.[1] The question whether a local officer should be recalled from office is submitted to electors who are qualified to vote on the question.[2] If a majority of the votes cast on the question favor the recall of the local officer, the office is deemed vacant on the day after the date the election results are certified.[3]
A vacancy caused by recall is to be filled in the same way as a vacancy caused by other means.[4] The officer who was recalled, however, is not eligible for appointment to fill the resulting vacancy.
"No local officer who has been recalled, or who has resigned after a petition for recall has been filed to recall such officer, shall be eligible for appointment to fill such vacancy, and if the officer is a member of a governing body, the person so resigning shall be ineligible for appointment to any other position or office on such governing body until the current term of that office has expired."[5]
In determining whether this provision precludes a person who was recalled from the office of mayor from seeking the office of city council before the term of office for mayor has expired, we review rules of statutory construction. "It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted."[6]
In many instances, a vacancy on a governing body is filled through appointment of a person designated by the remaining members of the governing body.[7] In reviewing the statutory provision, it is clear the intent of the Legislature is to prevent situations where a local officer who is recalled from office by the electors of the district represented by the officer is then placed back on the governing body by the individuals having authority to name persons to fill vacancies on the governing body. Therefore, when a vacancy in office is being filled, the provision precludes the appointment of a person who has been recalled from office or who has resigned from office after a petition seeking the officer's recall has been filed.[8]
In the situation presented, the person was recalled from the office of mayor. The person is not seeking appointment to fill a vacancy on the council. Rather, he is attempting to win election to the office of city council. The provision in question does not preclude a person who was recalled from office from being elected to a position on the same governing body regardless whether the term of office for the office from which the person was recalled has expired.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] K.S.A. 25-4304.
[2] K.S.A. 25-4319; 25-4328; 25-4330.
[3] K.S.A. 25-4330.
[4] Id.
[5] Id.
[6] In re Adoption of B.M.W., 268 Kan. 871, 883 (2000).
[7] K.S.A. 13-513 (1st class city; mayor-council government); 14-204 (2nd class city; mayor-council government); 14-308 (2nd class city; mayor-council government); 14-1305 (2nd class city; mayor-commission government); 15-201 (3rd class city; mayor-council government); 15-1405 (3rd class city; mayor-commission government); 25-2022 (board of education); K.S.A. 2000 Supp. 71-201 (community college; board of trustees).
[8] We note that the express language of the second part of the provision precludes only the appointment of a person who has resigned from office after a petition seeking the officer's recall has been filed. In answering the issue raised in this request, it is not necessary that we address whether the prohibition is intended to preclude the appointment of a person who was actually recalled from office.